**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE CARE CAPITAL PROPERTIES, INC. SHAREHOLDER LITIGATION | Civil Action No. 1:17-cv-00859-LPS |
| | (CONSOLIDATED) |
| This Document Relates to: ALL ACTIONS | <u>CLASS ACTION</u> |

**STIPULATION AND [PROPOSED] ORDER CONCERNING
PLAINTIFFS' VOLUNTARY DISMISSAL OF THE ACTIONS
AND PLAINTIFFS' COUNSEL'S ANTICIPATED
<u>APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES</u>**

**WHEREAS**, five class actions (individually, an "Action" and, collectively, the "Actions") were commenced in this Court, and one class action was commenced in the U.S. District Court for the Northern District of Illinois (the "Illinois Action"), on behalf of putative classes of Care Capital Properties, Inc. ("Care Capital" or the "Company") stockholders to challenge the merger of Care Capital with a subsidiary of Sabra Health Care REIT, Inc., ("Sabra"), pursuant to a merger agreement, under which each outstanding share of Care Capital common stock was exchanged for 1.123 common shares of Sabra (the "Merger Consideration");

**WHEREAS**, on June 12, 2017, Sabra filed a S-4 Registration Statement (the "S-4") with the U.S. Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction;

**WHEREAS**, on June 29, 2017, Plaintiff Jeffrey Gordon ("Plaintiff Gordon") filed a putative class action on behalf of a putative class of Care Capital stockholders alleging violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder, and alleging that the S-4 failed to disclose information that Plaintiff Gordon alleged

1

was necessary to make the statements in the S-4 not materially false or misleading (*Gordon v. Care Capital Properties, Inc.*, Case No. 1:17-cv-00859-LPS (D. Del.)) (the "Initial Action");

**WHEREAS**, Plaintiff Roger Loeb ("Plaintiff Loeb," Case No. 1:17-cv-00866-LPS), Plaintiff Corey Vineyard ("Plaintiff Vineyard," Case No. 1:17-cv-00878-LPS), Plaintiff Glenn Parrish ("Plaintiff Parrish," Case No. 1:17-cv-00909-LPS), and Plaintiff Melvyn Klein ("Plaintiff Klein," Case No. 1:17-cv-00920-LPS), each brought an additional putative class action on June 30, 2017, July 3, 2017, July 6, 2017, and July 10, 2017 respectively, which also alleged that the S-4 failed to disclose information that purportedly was necessary to make the statements therein not materially false or misleading, and Plaintiff Loeb, Plaintiff Vineyard, Plaintiff Parrish, and Plaintiff Klein each also asserted claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder (collectively, the "Subsequent Delaware Actions");

**WHEREAS**, on June 30, 2017, Plaintiff Gary Douglas ("Plaintiff Douglas," Case No. 1:17-cv-04942, N.D. Ill.), brought the Illinois Action, which also alleged that the S-4 failed to disclose information that purportedly was necessary to make the statements therein not materially false or misleading, and which also asserted claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder;

**WHEREAS**, on July 25, 2017, Plaintiff Gordon, Plaintiff Loeb, Plaintiff Vineyard, Plaintiff Parrish, and Plaintiff Klein (collectively, "Plaintiffs") stipulated to consolidate the Initial Action and the Subsequent Delaware Actions, and the Court subsequently granted Plaintiffs' stipulation thereby consolidating the Actions (D.I. 13);

**WHEREAS**, on July 28, 2017, the U.S. District Court for the Northern District of Illinois entered a stipulation voluntarily staying the Illinois Action in favor of the Actions in this Court;

**WHEREAS**, on August 8, 2017, Care Capital filed with the SEC a Form 8-K, which contained supplemental disclosures (the "Supplemental Disclosures");

**WHEREAS**, on August 15, 2017, the Care Capital stockholder vote on the Transaction was held;

**WHEREAS**, on August 17, 2017, the merger of Care Capital with a subsidiary of Sabra was completed;

**WHEREAS**, Plaintiffs believe and contend that the Supplemental Disclosures were material and mooted the claims set forth in the Actions;

**WHEREAS**, Plaintiffs in these Actions and Plaintiff Douglas agreed voluntarily to dismiss their claims as a pre-condition for Care Capital's issuance of the Supplemental Disclosures, and Plaintiff Douglas is concurrently filing a stipulation of voluntary dismissal of the Douglas Action;

**WHEREAS**, Plaintiffs assert that the prosecution of the Actions caused Care Capital to file the Supplemental Disclosures with the SEC and that Plaintiffs' counsel has the right to seek and recover attorneys' fees in connection with a claimed common benefit provided to Care Capital stockholders as a result of the filing of the Supplemental Disclosures;

**WHEREAS**, Plaintiffs in these Actions and Plaintiff Douglas have agreed to submit a single application for attorney's fees and expenses, and have further agreed that any such application will be filed solely in this Court, should such an application become necessary ("Fee and Expense Application");

**WHEREAS**, Defendants have denied and continue to deny any wrongdoing, and contend that no claim asserted in the Actions was ever meritorious;

**WHEREAS**, no class has been certified in the Actions;

**WHEREAS**, no discussions or negotiations whatsoever regarding Plaintiffs' claims for attorneys' fees and expenses have occurred to date; and

**WHEREAS**, Defendants reserve the right to oppose, in whole or in part, any Fee and Expense Application submitted by Plaintiffs relating to the Actions;

**IT IS HEREBY STIPULATED AND AGREED,** by Plaintiffs and Defendants, through their respective undersigned counsel, subject to the approval of the Court that:

1.       Each Plaintiff hereby voluntarily dismisses his Action with prejudice as to the named Plaintiff and without prejudice as to the putative class pursuant to Federal Rule of Civil Procedure 41(a), and the Action is so dismissed.

2.       Because no class has been certified, the dismissal is as to the named Plaintiffs only and has no effect upon the putative class.  Because no class claims are being compromised and no consideration or compensation has been given or promised to Plaintiffs or their counsel, no notice of this dismissal is required.

3.       This Court retains continuing jurisdiction over the Actions solely for purposes of any potential further proceedings related to the adjudication of Plaintiffs' prospective Fee and Expense Application, should such application become necessary.

4.       The parties shall meet and confer concerning Plaintiffs' claim for attorneys' fees and expenses.  To the extent that the parties are unable to reach an agreement, they will contact the Court to set a stipulated briefing and hearing schedule for Plaintiffs' Fee and Expense Application.  If the parties reach an agreement concerning Plaintiffs' claim for fees and expenses, they will notify the Court.

5.    This Stipulation is not intended to, and shall not, waive or prejudice any right or argument that may be asserted or presented by Plaintiffs or Defendants in support of or in opposition to any claim by Plaintiffs for attorneys' fees and expenses.

6.    Any Fee and Expense Application will be jointly filed with the counsel for Plaintiffs in each Action.

Dated:  August 25, 2017

**OF COUNSEL:**

**FARUQI & FARUQI, LLP**
Nadeem Faruqi
James M. Wilson, Jr.
685 Third Ave., 26th Fl.
New York, NY 10017
Telephone: (212) 983-9330
Email: nfaruqi@faruqilaw.com
        jwilson@faruqilaw.com

*Counsel for Plaintiff Jeffrey Gordon*

**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, NY 10118
Tel: (212) 971-1341
Fax: (212) 202-7880
Email: jmonteverde@monteverdelaw.com

*Counsel for Plaintiff Corey Vineyard*

**FARUQI & FARUQI, LLP**

By: */s/ Michael Van Gorder*
Michael Van Gorder (#6214)
20 Montchanin Road, Suite 145
Wilmington, DE 19807
Tel.: (302) 482-3182
Email: mvangorder@faruqilaw.com

*Counsel for Plaintiffs Jeffrey Gordon and Corey Vineyard*

5

OF COUNSEL:

**WEISSLAW LLP**
Richard A. Acocelli
Michael A. Rogovin
Kelly C. Keenan
1500 Broadway, 16th Floor
New York, NY 10036
Tel.: (212) 682-3025

*Counsel for Plaintiff Glenn Parrish*

OF COUNSEL:

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
Gregory M. Egleston
440 Park Avenue South, 5th Floor
New York, NY 10016
Tel.: 212-983-1300
Email: tjmckenna@gme-law.com
        gegleston@gme-law.com

*Counsel for Plaintiff Melvyn Klein*

OF COUNSEL:

**SIDLEY AUSTIN LLP**
David F. Graham
Nilofer I. Umar
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7621
Email: numar@sidley.com

**RIGRODSKY & LONG, P.A.**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
Gina M. Serra (#5387)
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Tel.: (302) 295-5310

*Counsel for Plaintiffs Roger Loeb and Glenn Parrish*

**O'KELLY ERNST&JOYCE, LLC**

By: */s/ Ryan M. Ernst*
Ryan M. Ernst, Esquire (No. 4788)
Daniel P. Murray, Esquire (No. 5785)
901 N. Market Street, Suite 1000
Wilmington, DE 19801
Tel.: (302) 778-4000
Email: rernst@oelegal.com
        dmurray@oelegal.com

*Counsel for Plaintiff Melvyn Klein*

**POTTER, ANDERSON & CORROON, LLP**

By: */s/Kevin R. Shannon*
Kevin R. Shannon (#3137)
Christopher N. Kelly (#5717)
Alan R. Silverstein (#5066)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
kshannon@potteranderson.com
ckelly@potteranderson.com
asilverstein@potteranderson.com

*Counsel for Defendants Care Capital Properties, Inc., Douglas Crocker II, John S. Gates, Jr., Ronald G. Geary, Raymond J. Lewis, Jeffrey A. Malehorn, Dale A. Reiss, John L. Workman, Sabra Health Care REIT, Inc., PR Sub, LLC, Care Capital Properties, LP, And Sabra Health Care Limited Partnership*

SO ORDERED this _____ day of _____, 2017.


_____
UNITED STATES DISTRICT JUDGE
LEONARD P. STARK